CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 21 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL DERRICK EDWARDS,** ) | CASE NO. 7:19CV00288 |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **FOOD SERVICE DIRECTOR** ) | |
| **P. SCARBERRY, ET AL.,** ) | By: Hon. Glen E. Conrad |
| ) | Senior United States District Judge |
| **Defendants.** ) | |

Plaintiff Michael Derrick Edwards, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that prison officials retaliated against him for filing grievances. After a review of Edwards' submissions, the court concludes that his complaint must be summarily dismissed.

Edwards is confined at Red Onion State Prison ("Red Onion"), a facility operated by the Virginia Department of Corrections ("VDOC"). He alleges the following sequence of events in support of his § 1983 claims. On February 27, 2019, a correctional officer served Edwards a lunch tray. Edwards alleges that the main dish smelled and tasted like it had been tainted with cleaning fluid. When he complained, the officer provided him with a replacement tray. Edwards thought the main dish on that tray also smelled and tasted of cleaning solution. The building lieutenant contacted food service. A few minutes later, food service supervisor Still came to Edwards' cell with a third lunch tray. Edwards told her that the main course still smelled and tasted like cleaning solution. Still said she would not give Edwards "anything else," told him "that's what [he] get[s] when [he] write[s] food service up," and walked away. Compl. 2, ECF No. 1. Edwards received no other meal until dinner.

Shortly after lunch on February 27, 2019, Edwards filed an Emergency Grievance, stating that he "was feeling nausea and stomach pains due to possible food poisoning from the cleaning solution" in the main dish of his lunch tray. Id. at 3. An officer returned the Emergency Grievance to Edwards around 8:00 p.m. Nurse Yates had written a response on the form, stating that Edwards' complaint did not meet the definition of a medical emergency. The next morning, Edwards asked Yates why she had denied him medical care when he had possible food poisoning. Yates said that if Edwards "would of never wrote her up [he] would of gotten medical treatment." Id.

Edwards sues Still, food service director Scarberry, and Yates. He contends that these defendants deprived him of adequate food and medical care, in violation of his Eighth Amendment rights, and/or retaliated against him for exercising his First Amendment right by filing grievances. As relief, he seeks monetary, declaratory, and injunctive relief.

II.

The court may summarily dismiss a case "brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory officials may not be held automatically liable for the unconstitutional conduct of their subordinates. Id. Edwards fails to describe any action whatsoever that defendant Scarberry

2

took in violation of his constitutional rights. Accordingly, his claims against this defendant must be summarily dismissed.

Edwards' allegations also fail to state any claim under the Eighth Amendment about his allegedly tainted meal. The Eighth Amendment protects prisoners from cruel and unusual conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). On the other hand, living conditions in prison are not intended to be comfortable. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. To state a claim, Edwards must show that he suffered a serious injury from the allegedly unsafe condition. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Merely missing one meal because he did not like the taste of one dish simply does not rise to the level of a constitutional deprivation. See, e.g., White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (affirming district court's dismissal as frivolous inmate's claim that he received only two meals per day during weekends, because inmate alleged no significant resulting injury); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); Brown v. Mathena, Case No. 7:10CV00192 (W.D. Va. May 14, 2010) (Wilson, J.) (dismissing inmate's claim that he missed one dinner meal), affirmed, No. 10-6772 (4th Cir. Aug. 26, 2010); Islam v. Jackson, 782 F. Supp. 1111, 1114 (E.D. Va. 1992) (finding that inmate missing one meal as isolated event did not state Eighth Amendment violation).

Edwards' complaint is similarly deficient concerning his medical claim. "A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). An inmate alleging a deliberate

3

indifference claim must establish that his medical condition was objectively serious—that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). Edwards makes no such showing here. His report of stomach pain and nausea and his self-serving diagnosis of possible food poisoning are not sufficient to state a claim that his condition rose to the level of a serious medical need for the emergency medical care he requested.

Moreover, to prevail on an Eighth Amendment claim, the inmate must also show that the defendant subjectively knew of and disregarded an excessive risk to the inmate's health or safety. Jackson, 775 F.3d at 178 (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Again, Edwards makes no such showing. He mentioned only possible food poisoning in his Emergency Grievance. Moreover, the nurse did not refuse care—she merely found no need for emergency treatment. An inmate cannot prove deliberate indifference merely by stating his personal disagreement with a medical professional on "[q]uestions of medical judgment," which the court cannot second-guess in a § 1983 action. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Furthermore, Edwards has not alleged that his abdominal discomfort continued into the next day or ever required medical treatment to subside. The court will summarily dismiss Edwards' Eighth Amendment claims.

Edwards also characterizes the defendants' actions as retaliation for his filing of grievances, in violation of the First Amendment.

> [T]o state a colorable retaliation claim under Section 1983, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct.

Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017), cert. denied, 138 S. Ct. 738, (2018). "For purposes of a First Amendment retaliation claim under Section 1983, a plaintiff suffers adverse

4

action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Id.

Edwards' retaliation claims rest on alleged comments from defendants that he could have had what he wanted if he had only refrained from writing complaints. Even assuming that these comments were made, the court cannot find that missing one supper meal or waiting until morning to seek treatment of a stomach ailment constitute such adversity that a "person of ordinary firmness" would be deterred by these events from filing future grievances or lawsuits. Id.

For the stated reasons, the court is satisfied that Edwards' § 1983 complaint fails to state a claim upon which relief can be granted. Therefore, on that ground, the court will summarily dismiss this action without prejudice, pursuant to § 1997e(c)(1). Dismissal without prejudice leaves Edwards free to refile his claims in a new and separate lawsuit if he can correct the deficiencies described in this Opinion.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of June, 2019.

                                                       Senior United States District Judge